UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:17-cr-88-FtM-29CM

MIGUEL JIMINEZ BORDA
_____

## ORDER

This matter comes before the Court upon review of Defendant's Motion for Authorization for Additional Sums for Translator (Doc. 98) filed on March 1, 2018. Defendant has used the services of Leon C. Fontova as an interpreter and seeks the Court to approve an additional $750.00 to further use Mr. Fontana's services because Defendant already expended $800.00 for Mr. Fontana's services, which is the statutory maximum amount Defendant's counsel may use without the Court's prior authorization. Doc. 98 at 1-2; *see* 18 U.S.C. § 3006A(e)(2)(A).[1]

For services other than counsel, the Criminal Justice Act ("CJA") provides, in relevant part:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an *ex parte* application. Upon finding, after appropriate inquiry in an *ex parte* proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required

---

[1] The statute states, "[c]ounsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $800 and expenses reasonably incurred." 18 U.S.C. § 3006A(e)(2)(A).

in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1). "Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $2,400, exclusive of reimbursement for expenses reasonably incurred . . ." unless otherwise certified by the Court, as provided therein. 18 U.S.C. § 3006A(e)(3). In order to authorize services under 18 U.S.C. § 3006A(e), the defendant must successfully demonstrate that (1) he is financially unable to obtain such services, and (2) such services are "necessary for adequate representation." *United States v. Hernandez*, 743 F.3d 812, 815 (11th Cir. 2014).

This Court previously determined Defendant is financially qualified for the appointment of CJA counsel. Doc. 8. There is no evidence before the Court that Defendant's financial circumstances have changed. The Court therefore finds he is financially unable to obtain interpreter services. Thus, the Court finds that because Defendant is financially unable to obtain interpreter services, and the interpreter services are necessary for adequate representation, the request for funds for $750.00 is due to be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion for Authorization for Additional Sums for Translator (Doc. 98) is **GRANTED**. Defendant shall be granted up to an additional **$750.00 to use for interpreter services** pursuant to 18 U.S.C. § 3006A(e)(1).

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record